Williams, J.
By the provisions of section 5298, 5301 and 5302, of the Revised Statutes, as they were in force on thé 6th day of February, 1890, when the action below was commenced, a party desiring a bill of exceptions was required to perfect and file the same within, thirty days after the close of the term at which the verdict was rendered, or the finding of the court made. By an amendment of those sections, which took effect on the 15th day of April, 1890, the time .within which bills of exceptions mig-ht be filed was enlarged to forty days from the end of the term, or, where a motion for a new trial was made but not decided at the term, the bill might be filed within forty days after the end of the term at which there was a decision of the motion. The sections were again amended on the 22d day of March, 1892, and, as so amended, were in force when the action below was tried, when the judgment was rendered, and when the motion for a new trial was overruled. As thus amended, section 5298, provides that: “The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not more than fifty days *294 beyond the date, of the overruling of the motion for a new trial, or from such decision by the court when a motion for a new trial is not necessary.” Section 5301, in its amended form, requires that ‘ ‘the parly excepting must reduce his exceptions to writing, and present the same to the trial judge or judges for allowance within fifty days after the overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary.” And by section 5302, it is provided, that where the “exceptions are not allowed and signed during the progress of the trial, the party excepting shall submit the bill of exceptions to the opposite counsel for examination not less than ten days before the expiration of said fifty days;” and that the same shall be submitted to the trial judge or judges, “for his or their signature, not less than five days before the expiration of said fifty days;” when so presented, and found to be correct, or after it is corrected, “the trial judge or a majority of the judges composing the trial court must allow and sign” the bill, within the fifty days, and it must “be filed with the pleadings, * * * and an entry of the allowance and signing of the same must be entered upon the journal of the court within the time fixed for such allowance and signing.” It is contended by the plaintiff in error, that the taking- and filing of a bill of exceptions relates to the remedy in the action, and, therefore, the sections of the statute referred to, as last amended, are rendered inapplicable to this case by the operation of section 79 of the Revised Statutes, which provides that, when an amendment of a statute “relates to the remedy, it shall not affect pending actions, * *' * unless so expressed.” *295 The sections as so amended contain no express provision making them applicable to pending actions.
Counsel have argued this point upon the mistaken assumption that, if their position should be maintained, the sections as amended April 15,1890, would govern in determining whether or not the bill of exceptions in this case was filed in proper time. If governed by that amendment, there could be no doubt that the bill was filed within the forty days allowed after the close of the term, and should not have been stricken from the files. But it is obvious that amendment can have no application to the case, for it was not passed until after the commencement of the action, and was repealed before its termination. As has already been noticed, the statute in force when the original action was commenced, required that a bill of exceptions should be filed within thirty days from the close of the term at which the verdict was rendered or the decision made by the court; and the record affirmatively shows that the bill was not filed within that time, the term having- ended on the 7th day of July, 1892, and the bill was not filed until the yth day of August following. The result, therefore, would be adverse to the plaintiff in error, if the position taken by his counsel were sustained.
We are satisfied, however, that the bill of exceptions does not pertain to the remedy in the original action, which is terminated by the final judgment, and is no longer a pending- action, while the only office of the bill is to bring properly upon the record questions raised on exceptions taken in the progress of that action, with such statement of the facts or evidence as may be necessary to *296 show their pertinency and importance, in order to aid the party in the prosecution of another remedy, namely, a proceeding in error, which is in the nature of a new action, prosecuted by a distinct mode of procedure provided by statute. The bill is employed for no purpose, nor does it accomplish any result, except in the prosecution of error, and can have no effect whatever, either on the rights or remedies of the parties except in such proceeding; and it should, therefore, be perfected and filed in accordance with the provisions of the statute in force at the time. The ultimate inquiry on this branch of the case, then, is whether the-plaintiff in error, in perfecting and filing his bill of exceptions, complied with the statute as amended March 22, 1892. It is conceded the bill was filed within fifty days from the overruling of the motion for a new trial; but it is contended that was not sufficient, because the court, on the motion of the plaintiff in error, had fixed the period of forty days for the allowance and signing of his bill, and it was not filed within that time. The language of section 5298, “time may be given to reduce the exceptions to writing, but not more than fifty days, ’ ’ etc., imports that a less number of days may be fixed by the court, in its discretion, for that purpose; and the object of investing the court with that discretionary power becomes manifest from a consideration of section 5302, which requires that the bill of exceptions shall be submitted “to the opposite counsel for examination not less than ten days before the expiration of said fifty days,” and to the trial judge- or judges “not less than five days before the expiration of said, fifty days.” It is evident, we think, that the authority to fix a shorter period than fifty days for reducing the *297 party’s exceptions to writing, was conferred on the court in order that the time prescribed, at least, might be allowed for the examination of the bill by the court and counsel before the expiration of the fifty days, and for the correction, signing- and filing of the same within that period. But reducing the exceptions to writing for the purpose mentioned, is not the same thing as filing the bill of exceptions after it has been duly allowed and signed ; and while the statute gives the court discretionary power in fixing the time for the performance of the former act, we have discovered no provision which authorizes the court to limit the time for the performance of the latter, to less than fifty days after the overruling of the motion for a new trial, or the decision of the court when a motion for a new trial j s unnecessary. It may be urged that, as the court, under section 5298, may allow the whole fifty days for reducing the exceptions to writing-, the time fixed for that purpose must be regarded as the limit within which the bill can be filed, otherwise there could be no opportunity, after the bill should be prepared, for the court or counsel to examine it. But that section applies to all exceptions, whether to be put in the form of a bill of exceptions or not, and when a bill is necessary-, the court should, in the exercise of its discretion, so fix the time for the preparation of the bill, that the court and counsel may have the requisite period for examination, before the expiration of the time allowed by the statute for the filing of- the same. Cases may arise in which it may be desirable to allow more than the ten days for the examination of the bill, and the court may, in such cases, shorten the time accordingly-- for reducing the exceptions to writing ;but in case the *298 whole fifty days should be allowed for that purpose, the trial judg’e or judges may extend the time for the signing’ of the bill ‘ ‘ for a period not exceeding ten days beyond the expiration of fifty days;” but the time for filing the bill, when properly allowed and signed, cannot be restricted to less than that period. So that, when a bill of exceptions, which has been duly allowed and signed is filed within fifty daj^s after the overruling of the motion for a new trial or the decision of the court where such motion is unnecessary, and an entry thereof has been made on the journal of the court, the requirements of the statute as amended March 22, 1892, have been fully complied with, and the bill cannot property be stricken from the files without the consent of the party obtaining the same. No complaint is made in this case that the bill was not submitted in due time to opposite counsel, or to the trial judge, and the record fails to show any default in that regard. In the absence of such showing, compliance with the statute in that respect will be presumed from the allowance and signing of the bill. In view of the various provisions of the statute, the journal entry of the common pleas court, allowing forty days for “the signing and sealing of a bill of exceptions as provided by law,” must 'be treated as an allowance of the time named for reducing the exceptions to writing, in order that the bill might be perfected and filed within the fifty days allowed by the statute.
2. The other question in the ease is, whether the petition in error was filed in time? The right to file a petition in error, is a cause of proceeding, which arises at the time of the rendition of the judgment, or making of the final order, and the *299 proceeding- must be commenced within the time limited by the statute then in force; otherwise, the court acquires no jurisdiction. O'Donnell v. Downing, 43 Ohio St., 62; Burke v. Taylor, 45 Ohio St., 444.
Section 6723 of the Revised Statutes, which was in force when the judgment of the trial court was rendered, provides that: “No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within six months.after the rendition of the judgment or the making of the final order complained of, ’ ’ except, that persons under certain disabilities are allowed the same time after the disability is removed, for the commencement of the proceeding. It is conceded that more than six months elapsed aftqr the rendition of the judgment, before the petition in error to reverse it was filed in'the circuit court, but less than that period, after the overruling of the motion for a new trial; and on this branch of the case, it is urged by the plaintiff in error, (1) that the judgment was prematurely entered, and, for the purposes of the question here, shordd be treated as rendered at the time of the overruling of the motion for a new trial; or, '(2) that the overruling of the motion was the final disposition of the case, and constitutes a final order to which error will lie.
Section 5326, of the Revised Statutes, requires that: “When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court order the case to be reserved for future argument or consideration.” And the next section provides that: “When the verdict is special, or when there is a special finding ,on particular *300 questions of fact, or when the case is reserved, the court shall order what judgment shall he entered.” These sections, it is apparent, afford ample authority for the clerk to enter judgment immediately upon the return of a general verdict, ' and indeed make it his duty to do so, unless otherwise ordered by the court in order that the case may he further heard or considered. If either party wishes to have the. entry of judgment delayed to await the result of a motion for a new trial, he should, when the verdict is returned, make his desire known to the court; and if he fails to obtain an order of the court directing such delay, a judgment entered upon the coming-in of the verdict would seem to be in all respects regular and valid. True, that does not interfere with the party’s right to file his motion for a new trial within the statutory time, and if it he sustained the judgment must of course be set aside; but if overruled, the judgment remains, from the date of its entry, the final judgment in the action, unless reversed, vacated, or modified in accordance with law.
Nor do we think the overruling of a motion for a new trial is a final order upon which error can be prosecuted. A final order to which error will lie, is defined by the code to be: “An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment.” Section 6707, Revised Statutes. It is clear .that the overruling- of the motion of plaintiff in error for a new trial was not an order made in a special proceeding, or upon, a summary application after *301 judgment; it was made in a civil action, as contra-distinguished from a special proceeding, and, in the ordinary course of procedure in such actions. Nolis it an order in an action which both affects a substantial right and in effect determines the action and prevents judgment, within the meaning of the section of the code alluded to. The action ends with the judgment; and the motion, which is an application to the court to reconsider its judgment, and for a re-trial, is usually, though not always essential to the proper preservation and presentation of the errors preceding the judgment, when relied on to obtain a reversal of it. Error lies to the judgment, but not to the decision of the motion ; though that decision may be made a ground for the reversal of the judgment. It has long been settled in this state, that “an order of the court granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order, for the reversal of which error can be prosecuted before the final disposition of the case.” Oonorcl v. Bimnels, '23 Ohio St., 601. Such a motion, it is held in that case, is addressed to the sound discretion of the court. If granted, it does not determine the action, but merely compels the parties to re-try their case before the same tribunal; and if overruled, it simply permits the determination of the action already reached to stand. It may be said that sustaining the motion has the effect of preventing- a judgment in favor of the successful party at the trial, and affects a substantial right of his by subjecting him to the costs and uncertainties of another trial, and it undoubtedly does temporarily prevent final judgment, but not eventually; and the costs and uncertainties of another trial is the result of some error which the
i *302 court in the exercise of its discretion deems sufficient to warrant it. And so, if the motion be overruled, the unsuccessful party must incur the expense of a proceeding in error, if he is dissatisfied with the result; but neither the overruling or sustaining of the motion is, within the meaning of the code, such final order as- may, itself, be the foundation of a proceeding’ in error.
But, it is said, a party may be deprived of his remedy on error by the court declining or omitting to pass on the motion until the expiration of the time allowed, after the rendition of the judgment, for commencing the proceeding. It is not to be presumed that the court will disregard its duty, or fail to dispose of the motion at any time when requested by the party; and if he, by consent or inattention, permit the time to expire, he cannot complain of the consequences of his own act or omission. The right to prosecute error exists only when conferred by statute; and the remedy, to be effective, must be pursued in the time and mode provided. The statute has declared, in explicit terms, that “no proceeding’ to reverse a judgment fehall be commenced unless within six months after the rendition of the judgment, ’ ’ and the court is powerless to enlarge its terms, if it desired to do so. The time begins to run from the day of the rendition of the judgment. Robinson v. Orr, 16 Ohio St., 284; Bowen v. Bowen, 36 Ohio St., 312.

Judgment affirmed.

Burket and Shatjck, JJ., dissent.